An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-957

Filed 15 July 2026

Wake County, No. 24CV006800-910

JUAN LA TORRE BECERRA, Plaintiff,

v.

ESTHER BETTY ORTIZ FLORES, Defendant.

Appeal by defendant from judgment entered 11 April 2025 by Judge Hoyt G. Tessener in Wake County Superior Court. Heard in the Court of Appeals 20 May 2026.

> *Hatch, Little & Bunn, LLP, by David M. Yopp, for the plaintiff-appellee.*
>
> *Law Offices of John M. Kirby, PLLC, by John M. Kirby, for the defendant-appellant.*

TYSON, Judge.

Esther Betty Ortiz Flores ("Defendant") appeals from a judgment entered in favor of Juan La Torre Becerra ("Plaintiff"). We affirm.

## I.  Background

Plaintiff and Defendant married in 2005. They purchased real property as tenants by the entirety on 13 January 2005 located at 1104 Belhaven Road in Cary.

Plaintiff and Defendant divorced on 12 February 2019 and did not pursue equitable distribution of marital property. They decided their minor children would continue living at the marital property with Defendant.

Plaintiff and Defendant agreed Plaintiff would receive $120,000.00 in exchange for signing over his interest in the marital house. Plaintiff testified he had signed over his property interest in reliance of Defendant's signing a $120,000.00 promissory note, which had been drafted and sent *via* email. The promissory note was never signed.

The promissory note was sent from the email luckychickencary@icloud.com to luckychickennc@yahoo.com on 10 March 2021. The email was forwarded from luckychickennc@yahoo.com back to luckychickencary@icloud.com on 11 March 2021. The email was forwarded from luckychickennc@yahoo.com to Plaintiff's personal email on 16 March 2021.

The email luckychickennc@yahoo.com is the business email for the Lucky Chicken restaurant, which Plaintiff and Defendant previously co-owned. Defendant still owned the business and used the email to communicate with attorneys and court staff at the time of trial.

Defendant denied having sent the email. Defendant claimed Plaintiff had access to the email account. Plaintiff denied having access to the email account. The trial court found and concluded Defendant had sent the email.

The promissory note claimed Defendant had provided a check for $80,000.00

in March 2021. The promissory note also proposed to fulfil the remaining $40,000.00 of the $120,000.00 due by monthly payments of $500.00 to $1,000.00 starting 10 January 2022. The promissory note included a $50.00 fee "upon failure to abide by the previously established payment date." There is no evidence of the $80,000.00 check the email described being paid to Plaintiff.

According to Plaintiff and Defendant's son, Amihr Andre La Torre, Plaintiff and Defendant planned to sign documents concerning the payment and transfer of the house with their children present as witnesses. The planned signing did not occur after multiple delays caused by Defendant.

According to Plaintiff, Defendant estimated the value of the property at $270,000.00 and Plaintiff estimated its value was over $300,000.00. Defendant testified she "only considered to pay no more than $100,000.00. An estimate obtained from Bank of America valued the home at $338,099.00.

Plaintiff accepted a smaller sum of $120,000.00 for his interest in the property "because [Defendant] was threatening [him], telling [him] that if [he] did not accept that that she was going to go live in a trailer home with [his] son," and Plaintiff preferred his son to remain in the marital home rather than a mobile home.

Plaintiff transferred his interest in the property to Defendant via special warranty deed on 17 March 2021.

Defendant made a series of payments by check to Plaintiff as consideration for the real property transfer from March 2021 to January 2022, totaling $68,400.00: a

$900.00 transfer on 14 March 2021, a $5,000.00 transfer on 23 March 2021; a $55,000.00 transfer on 9 April 2021; a $5,000.00 transfer on 10 May 2021; a $1,500.00 transfer on 4 November 2021; and a $1,000.00 transfer on 21 January 2022. Defendant then stopped making payments.

Plaintiff filed the instant action against Defendant alleging fraud, equitable estoppel, breach of contract, implied in fact contract, and unjust enrichment on 27 February 2024. Plaintiff moved for summary judgment on 11 June 2024, which the court denied on 31 July 2024. The action was heard at a bench trial on 24 March 2025.

The trial court concluded Defendant was unjustly enriched by obtaining full physical and legal possession of the martial home without properly compensating Plaintiff for his interest. The trial court awarded Plaintiff $51,600.00 on 11 April 2025. Defendant appeals.

## II.    Jurisdiction

Plaintiff postulates "questions of appellate jurisdiction are lurking," because the judgment "does not contain a ruling on all [Defendant's] claims." Plaintiff "is not suggesting that [Defendant's] appeal should be dismissed as interlocutory," but he "believes it is appropriate to either treat [Defendant]'s brief as a petition for certiorari under N.C. R. App. P. 21(a) or invoke the discretionary power available under N.C. R. App. P. 2" "[i]f the Court deems it necessary."

This concern is unnecessary. The judgment fully disposed of the case and rendered Plaintiff's other claims inconsequential. The trial court's judgment is final for purposes of appeal because it "completely decide[d] the merits of [the] action." *Duncan v. Duncan*, 366 N.C. 544, 546, 742 S.E.2d 799, 801 (2013). This Court possesses jurisdiction pursuant to N.C. Gen. Stat. §§ 1-258 and 7A-27(b)(1) (2025).

## III.    Issues

Defendant argues the trial court erred by: (1) entering a judgment for Plaintiff where Plaintiff failed to present evidence of the value of the house; (2) using the doctrine of *quantum meruit* as an end-run around the lack of an enforceable contract; (3) entering judgment for Plaintiff without taking into account the total contributions by Defendant; (4) finding Defendant had sent a promissory note to Plaintiff; and, (5) excluding Defendant's evidence of repairs.

## IV.    Standard of Review

When the trial court sits as the finder of fact without a jury:

> the standard of review is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts. Findings of fact by the trial court in a non-jury trial . . . are conclusive on appeal if there is evidence to support those findings. A trial court's conclusions of law, however, are reviewable *de novo*.

*Hinnant v. Philips*, 184 N.C. App. 241, 245, 645 S.E.2d 867, 870 (2007) (citations and quotations omitted).

"[F]indings of fact made by the trial judge are conclusive on appeal if supported

by competent evidence, even if . . . there is evidence to the contrary." *Sisk v. Transylvania Cmty. Hosp., Inc.*, 364 N.C. 172, 179, 695 S.E.2d 429, 434 (2010) (citations and quotations omitted). "Competent evidence is evidence that a reasonable mind might accept as adequate to support the finding." *Real Time Resols., Inc. v. Cole*, 293 N.C. App. 632, 635, 902 S.E.2d 269, 272 (2024) (citation and quotation omitted).

## V.    Value of the House

"The doctrine of unjust enrichment was devised by equity to exact the return of, or payment for, benefits received under circumstances where it would be unfair for the recipient to retain them without the contributor being repaid or compensated." *JPMorgan Chase Bank, Nat'l Ass'n v. Browning*, 230 N.C. App. 537, 542, 750 S.E.2d 555, 559-60 (2013) (quoting *Collins v. Davis*, 68 N.C. App. 588, 591, 315 S.E.2d 759, 761 (1984)).

Five elements establish unjust enrichment:

> First, one party must confer a benefit upon the other party. . . . Second, the benefit must not have been conferred officiously, that is it must not be conferred by an interference in the affairs of the other party in a manner that is not justified in the circumstances. . . . Third, the benefit must not be gratuitous. . . . Fourth, the benefit must be measurable. . . . Last, the defendant must have consciously accepted the benefit.

*Butler v. Butler*, 239 N.C. App. 1, 7, 768 S.E.2d 332, 336 (2015) (citation omitted).

Defendant argues evidence was not introduced tending to show the value of the house

or the measure of the benefit. We disagree.

Plaintiff presented a Bank of America estimate, purportedly showing the home's value to be $338,099.00. The estimate, labeled Plaintiff's Exhibit B, is referenced but not found in the record. However, it is noted in the Clerk's trial log and referenced in the trial court's judgment, indicating it existed, was reviewed and considered by the trial court. The trial court found this estimate was not the only evidence presented regarding the value of the home. Other testimony offered at trial also tended to show the value of the home.

The owner's opinion and assessment of a property's value is competent evidence, as "it is generally held [an owner] is competent to testify as to [a property's] value even though [their] knowledge on the subject would not qualify [them] as a witness were [they] not the owner" and owners are deemed to "have a reasonably good idea of what [their property] is worth." *N.C. State Highway Com. v. Helderman*, 285 N.C. 645, 652, 207 S.E.2d 720, 725 (1974).

Plaintiff testified surrounding homes were priced "approximately between" $305,000.00 and $339,000.00. While "[t]he market value of land is usually a matter of opinion," such an opinion of neighboring properties can indicate an owner "knew land values in the vicinity of his property and had an informed opinion, satisfactory to himself, as to the value of his property on the pertinent date." *Id.* (quotation omitted).

In *Helderman*, the Court concluded an owner's assertion of the value of nearby

property was sufficient to help establish his own property's worth. The Court ruled such "evidence was not incompetent. Its probative value, subject to being tested on cross-examination, was for the [factfinder]." *Id.* (quotation omitted). Similarly, here, Plaintiff's informed opinion regarding the value of nearby homes is competent evidence surrounding his and Defendant's marital home.

Additionally, the email containing the promissory note and Defendant's partial payments also point to the benefit conferred to her. All of this evidence, taken together is more than sufficient to reasonably value the home and Plaintiff's interest therein at least $120,000.00. Defendant's argument is overruled.

## VI.   *Quantum Meruit*

The trial court's holding under a theory of unjust enrichment implies agreement with Defendant's argument of no valid or express contract. *See Booe v. Shadrick*, 322 N.C. 567, 570, 369 S.E.2d 554, 556 (1988) (explaining when there is a contract between the parties, the law will not imply unjust enrichment or a quasi contract implied in law). The promissory note does not comply with the statute of frauds as it is not signed by either party. N.C. Gen. Stat. § 22-2 (2025).

Defendant asserts the trial court erred in using an "end run" by applying the doctrine of *quantum meruit* in its judgment. The trial court does not mention *quantum meruit* and instead grants judgment in favor of Plaintiff under a theory of unjust enrichment.

Unjust enrichment is:

> neither in tort nor contract but is described as a claim in quasi contract or a contract implied in law. A quasi contract or a contract implied in law is not a contract. The claim is not based on a promise but is imposed by law to prevent an unjust enrichment. If there is a contract between the parties the contract governs the claim and the law will not imply a contract.

*Booe*, 322 N.C. at 570, 369 S.E.2d at 556.

"The general rule of unjust enrichment is . . . where services are rendered and expenditures made by one party to or for the benefit of another, without an express contract to pay, the law will imply a promise to pay a fair compensation therefor." *Wright v. Wright*, 305 N.C. 345, 354 n.6, 289 S.E.2d 347, 353 (1982). "The action is based upon the equitable principle [asserting] a person should not be permitted to enrich himself unjustly at the expense of another." *Id.* "Our cases hold that the measure of damages for unjust enrichment is the reasonable value of the goods and services to the defendant." *Booe*, 322 N.C. at 570, 369 S.E.2d at 556.

The promissory note, the parties' beliefs, Defendant's partial payments, and the bank estimate all point to a reasonable value of Plaintiff's interest in the home of at least $120,000.00. Plaintiff, believing Defendant would sign the promissory note and pay him for his agreed-upon interest, signed away his interest in the marital property. Defendant received a benefit worth at least $120,000.00, and evidence showed she has only paid Plaintiff $68,400.00. The trial court did not use *quantum meruit* as an "end-run" around the lack of an express contract. The doctrine of unjust enrichment addressed the lack of fair compensation for the benefit Defendant

received. Defendant's argument is overruled.

## VII. Consideration of Contribution for Unjust Enrichment

Defendant argues the trial court erred in its valuation of unjust enrichment by not considering contributions by Defendant, which were benefits to Plaintiff. At the time of the title transfer, the parties were divorced and discussing their future plans. Plaintiff concedes part of the discussion included Defendant remaining in the house and raising their children. Defendant also asserts as part of an agreement between her and Plaintiff, she had agreed to relinquish claims of alimony and child support. She argues these relinquishments and contributions are benefits given to Plaintiff, which must be considered in the assessment of unjust enrichment.

No quantification of these alleged benefits were presented, and only Defendant's unsubstantiated assertions point towards any such purported benefit. Plaintiff disputes the assertion the parties had agreed Defendant would abandon her claims for alimony and child support. No evidence at trial or in the record tends to show Defendant had valid claims of alimony and child support, or what their value would be. *Farquhar v. Farquhar*, 254 N.C. App. 243, 246, 802 S.E.2d 585, 587 (2017) (citing N.C. Gen. Stat. § 50-11(c), (e))

The two parties disagree over whether an agreement was reached regarding Defendant's pursuit of alimony and child support. No affirmative evidence has been presented of any actual right Defendant has to such support, or what the value of it would be. As such, no evidence indicates Plaintiff received a benefit from Defendant,

or this should alter the unjust enrichment the court awarded. Defendant's argument is overruled.

## VIII.     Promissory Note

Defendant argues the trial court erred in finding Defendant had sent the promissory note to Plaintiff. This is a question of fact and the trial court's finding is "conclusive on appeal if supported by competent evidence, even if . . . there is evidence to the contrary." *Sisk*, 364 N.C. at 179, 695 S.E.2d at 434. Competent evidence was adduced upon which the trial court could rely.

The promissory note was sent from the business email luckychickencary@icloud.com to luckychickennc@yahoo.com, back to the iCloud address, and then finally to Plaintiff's personal email address. Both Lucky Chicken email addresses belong to the business Plaintiff and Defendant owned. Plaintiff asserted he does not have access to the Yahoo account, while Defendant admitted she has used this account, including to correspond with her attorneys during the litigation. Plaintiff also testified Defendant and a coworker prepared the promissory note and sent the email to Plaintiff's email address while all were present in the same room. Defendant denies this.

Conflicting evidence was presented and it was the role and duty of the factfinder to weigh that evidence. Competent evidence supports the trial court's findings and conclusion Defendant sent the promissory note to Plaintiff's email address. *Id.* Defendant's argument is overruled.

## IX. Evidence of Repairs

Defendant argues the trial court erred by precluding the introduction of evidence of the condition of the house.

"[I]n order for a party to preserve for appellate review the exclusion of evidence, the significance of the excluded evidence must be made to appear in the record and a specific offer of proof is required unless the significance of the evidence is obvious from the record." *State v. Simpson*, 314 N.C. 359, 370, 334 S.E.2d 53, 60 (1985) (citation omitted). "A simple indication or assertion [evidence] will concern a [topic] . . . is not sufficiently specific for purposes of review. A showing of the essential content or substance of the [evidence] is required before this Court can determine whether the error in excluding the evidence is prejudicial." *Currence v. Hardin*, 296 N.C. 95, 100, 249 S.E.2d 387, 390 (1978).

The significance of the excluded evidence does not appear in the record, is not obvious, and Defendant did not proffer specific proof of alleged significance. The trial court denied Defendant's attempts to introduce evidence, including text messages and documents supposedly concerning the condition of the house during trial because she did not prepare a pre-trial order or provide what the evidence tended to show before trial.

When denied, Defendant asserted why she wanted them to be admitted, by simply stating, "the pieces of evidence will speak for themselves." Defendant's brief offers no explanation of what the evidence contains and what its potential

significance. Purported prejudicial error cannot be reviewed unless specific proof is offered, and none has been offered here. Defendant failed to preserve this argument for appellate review. Defendant's argument is dismissed.

## X. Conclusion

The trial court properly determined Defendant was unjustly enriched and entered a supported award. The trial court did not err in entering a judgment for Plaintiff. The judgment of the trial court is affirmed. *It is so ordered.*

AFFIRMED.

Judges ARROWOOD and GRIFFIN concur.

Report per Rule 30(e).